THE ETOWAH GOLD MINING COMPANY *v.* EXTER.

1. Where the plaintiff suing a corporation for his services describes himself in the declaration as superintendent, he may amend by substituting for that description the words "general manager." *Ellison* v. *Georgia Railroad Company*, 87 *Ga.* 691.
2. The evidence warranted the verdict.
3. The materiality of the alleged newly discovered evidence is not apparent; nor is a mere allegation in the motion for a new trial sufficient to establish the fact that the evidence was unknown, or that due diligence had been exercised to prepare for trial.

February 20, 1893.                    *Judgment affirmed.*

Before Judge WELLBORN. Lumpkin superior court. April term, 1892.

Action by Exter against the Etowah company for salary as general manager of defendant's gold mine from November 1, 1889, to January 1, 1891, at $175 per month, and for cash advanced, $162.67. Defendant pleaded the general issue. The jury found for the plaintiff $862. The defendant moved for a new trial, and the overruling of this motion is excepted to. The grounds of the motion are as follows:

1. The court permitted the plaintiff to amend his declaration by striking out the word "superintendent" and inserting in its place the words "general manager," and overruled defendant's motion to dismiss the action because said officers were different persons in defendant's organization, and no right of action had accrued to plaintiff as alleged.

2. The verdict is contrary to law and evidence.

3. Newly discovered evidence developed on the trial by the testimony of plaintiff that he, as secretary and general manager, had in his possession, in his office in St. Louis, a book containing a statement of all the money received and paid out by the company during his connection with it, which contains material evidence for defendant.

The evidence was conflicting on the main issue in the case, the plaintiff contending that he was to receive from the defendant what his services were reasonably worth, and the defendant insisting that neither he nor any other of its officers (except the employed superintendent of its mine) was to receive a money consideration for his services. It would not be useful for the evidence to appear in this report.

WIER BOYD and M. G. BOYD, by brief, for plaintiff in error.

PRICE & CHARTERS, by brief, contra.