## 13800.  STUBBS *v.* THE STATE.

BROYLES, C. J.  1.  It is well settled by repeated rulings of the Supreme Court and of this court that a special ground of a motion for a new trial must be complete and understandable within itself, and that it will not be considered by the reviewing court where, in order to understand it, an examination of other portions of the record is required.  In the instant case grounds 1 to 11 (inclusive) of the amendment to the motion for a new trial complain respectively of the admission of certain evidence over the objections of the defendant, and ground 14 complains of the exclusion of certain evidence upon motion of the solicitor-general. , None of these grounds is complete and understandable within itself, as an examination of the brief of evidence would be necessary to determine whether the evidence admitted or repelled was relevant or material to the case, or prejudicial or beneficial to the defense.  These grounds, therefore, cannot be considered by this court.

2.  There is no merit in grounds 12 and 13, in which it was complained that the court allowed a witness to testify that certain statements of the defendant were made freely and voluntarily, and that the witness did not offer him any hope of reward or benefit, or hold out any fear of injury, as an inducement to make the statements.  The objection made to this testimony was that it was a mere conclusion of the witness.

3.  Whether the defendant, after he has made a statement to the jury, shall be allowed to return to the stand and make an additional statement is a matter within the sound discretion of the trial court, and that discretion will not be controlled by the reviewing court unless a manifest abuse thereof appears.  Under this ruling there is no merit in the 15th ground of the amendment to the motion for a new trial.

4.  The excerpts from the charge of the court, complained of in grounds 16, 17, and 18, on the subject of conspiracy, when considered in the light of the facts of the case and the entire charge, are not erroneous for any reason assigned.

5.  "It is well settled by numerous rulings of the Supreme Court and of this court that the law of voluntary manslaughter may properly be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement to the jury, there is *anything deducible* which would *tend* to show that he was guilty of manslaughter, voluntary or involuntary, or which would be sufficient to raise a *doubt* as to whether the homicide was murder or manslaughter." *May* v. *State*, 24 *Ga. App.* 382 (100 S. E. 797).  Under this ruling and the facts of the instant case it was not error for the court to instruct the jury upon the law of voluntary manslaughter.

6.  The verdict was authorized by the evidence and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 14, 1922.  REHEARING DENIED DECEMBER 13, 1922.

Indictment for murder; from Ben Hill superior court — Judge Gower.  June 24, 1922.

Application for certiorari was denied by the Supreme Court.

Under an indictment charging Fred Stubbs with murder he was convicted of voluntary manslaughter. From the evidence it appeared that shots fired from a party of former employees of the Atlanta, Birmingham and Atlantic Railroad Company who were then on a strike, and were near an " engineer's picket-post " at the side of the railroad, struck W. T. Reid, a locomotive engineer in the employ of the railroad company, who was riding on an engine running from the company's shops to its station in the city of Fitzgerald, and that he died from a wound thus inflicted. It was testified that Stubbs was one of the strikers shooting at, the engine, and two witnesses testified that he confessed this to them. There was also evidence as to shooting from the engine at the strikers by employees of the company, and as to prior ill feeling between the strikers and the company's employees. Stubbs denied that he was present at the shooting, and denied that he made any confession in regard to it.

*J. R. Thomas, Quincey & Rice, A. J. & J. C. McDonald,* for plaintiff in error.

*J. B. Wall, solicitor-general, Jesse Grantham,* contra.