20769. RAY *v.* THE STATE.

DECIDED DECEMBER 18, 1930. REHEARING DENIED JANUARY 14, 1931.

*D. W. Mitchell,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

LUKE, J. Ellis Ray was convicted of possessing intoxicating liquor. The trial judge overruled his motion for a new trial, containing the general and certain special grounds, and he excepted.

It appears from the record that late one night Charles Johnson and C. F. Palmer went to defendant's home looking for whisky. Palmer stationed himself at the back door and Johnson knocked on the front door. The defendant asked who was there, and when Johnson told him, defendant opened the door. While Palmer was watching the defendant, Johnson found a quart of whisky sitting on the kitchen table and "a lot of empty vessels there with a small amount in them." The searching party found also, in the defendant's car, a "siphon hose" that smelled like whisky. The gist of the defendant's statement on the trial was that the whisky belonged to a person who stayed with him, and that this person had friends who could have had the whisky there. He did not give the name of the person who stayed with him or the name of any of that person's friends, and it does not appear from the testimony that the house was occupied by any other person than the defendant and his immediate family. Clearly the evidence supports the verdict.

It appears from the first special ground of the motion for a new trial that while the defendant was making a supplementary statement to the jury, he said: "I did not know that liquor was there." The court immediately stopped him, stating: "I am letting you come to the stand the second time for the purpose of making a statement in rebuttal to anything that has been testified to since you were on the stand, but you can't go into anything that is not in rebuttal." It is contended that the court erred in thus restricting the defendant's statement. "Whether the defendant, after he has made a statement to the jury, shall be allowed to return to the stand and make an additional statement is a matter within the sound discretion of the trial court, and that discretion will not be controlled by the reviewing court unless a manifest abuse thereof appears." *Stubbs* v. *State,* 29 *Ga. App.* 193 (3) (114 S. E. 926). In this connection see *Fairfield* v. *State,* 155 *Ga.* 660 (4), 666 (118 S. E. 395), and *Cason* v. *State,* 28 *Ga. App.* 550 (2) (112 S. E. 290). In the present case there is nothing to indicate that the trial judge would have abused his discretion if he had declined to allow the defendant to make any supplementary statement. In-

stead of so doing, however, he permitted the accused to make a second statement, but confined it to the rebuttal of testimony adduced after his first statement. This evidently was not just what the defendant wanted, but it was more than he had any right to demand. Therefore he has no legal cause of complaint.

The second special ground complains that the court charged, "If some other person, in the home of this defendant, possessed whisky, and this defendant knew the whisky was in his home, and aided and abetted such other person in the commission of his unlawful act and participated in his criminal intent, he would likewise be guilty, and it would be your duty to so find." The criticism of this instruction is that the court thereby expressed the opinion "that this defendant knew the other person had whisky in his home." This criticism is not good; and this is perfectly apparent when it is considered that immediately following this instruction the court charged as follows: "However, if it was not his whisky, and he did not knowingly permit some one else to possess whisky in his home, then he would not be guilty, and you would acquit him."

The third and last special ground complains that the charge referred to in the next preceding ground was erroneous "because there was no charge in the bill of indictment that this defendant with others possessed whisky," and because there was no evidence to authorize the charge. The defendant stated to the jury: "The liquor was not mine; it was another fellow's, that stayed with me there; and he had been out that night, and he come in and the bed was tore up; and he must have been the one that put the liquor there." It is clear that the defendant himself introduced the theory that the whisky found in his house belonged to another person. It is true also that in the defendant's statement there was a strong intimation that he did not know the whisky was in the house. That the court gave the defendant the benefit of this theory gives him no right to complain. We hold also that the indictment, which was in the usual form, was sufficiently broad to cover the charge given. *Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*