## 26902. ATKINS v. THE STATE.

ARGUED DECEMBER 14, 1971—DECIDED JANUARY 19, 1972.

*Ralph U. Bacon,* for appellant.

*J. Lane Johnston, District Attorney,* for appellee.

ALMAND, Chief Justice. James Atkins, along with three other named parties, was indicted on November 16, 1970, by the grand jury of Bulloch County for the offense of murder of Ray Howard while in the commission of a felony, viz. armed robbery, by shooting him with a pistol.

The case against Atkins came on for arraignment on November 19, 1970, and upon formal arraignment he pled not guilty. He was tried on November 30, 1970. The jury returned a verdict of guilty with a recommendation of mercy, and he was given a life sentence. His amended motion for a new trial being overruled, Atkins filed his notice of appeal.

■ Error is enumerated on the denial of appellant's oral motion for a change of venue. As grounds for this motion, appellant's counsel stated to the court: "[T]oo much publicity has been given this case here, too much has been written in the papers about it, too many people here are, in one way or another, connected with the deceased, and this defendant being from out of this territory, could not get a fair trial here among the people who were members of the same social clubs, same church and done business with the deceased. The deceased was more than just an average man, as far as his notoriety was concerned. He was known by almost everyone. He had had more person contacts with the public than almost any one. This case is overwhelmingly weighed with resentment against these men or some one of the four of them. It is felt at this time that he could not receive a fair trial in this jurisdiction." No evidence was submitted in support of this ground and the court did not err in denying the motion.

■ Error is assigned on the overruling of the appellant's oral motion for a continuance. Counsel for the appellant stated to the court: "I find that we are not ready, my client informs me that he is not ready, and since the time of my last talking to him and now he has remembered the name of a witness or witnesses he would like to subpoena. This

case is brought on to trial too soon after the happening for the excitement connected with the case, with regard to this sort of thing, it carries much publicity in the papers. The defense respectfully requests that the case, on that ground, be continued."

The record discloses counsel representing the appellant was appointed by the court and signed his plea of not guilty on November 19, 1970, and represented him at his trial on November 30. No evidence was offered in support of the motion.

Motions for a continuance are addressed to the discretion of the trial judge and his discretion will not be controlled unless grossly abused. The statement of counsel that he had not had time to adequately prepare a proper defense is a mere conclusion. *Morgan v. State,* 224 Ga. 604 (163 SE2d 690).

■ The court did not err in failing to instruct the jury on the law as to (a) justifiable homicide, and (b) voluntary manslaughter. Neither the evidence nor the statement of the appellant authorized instructions on these principles of law.

■ One ground of the motion for a new trial was that new and material facts had been discovered which consisted of the testimony of a co-defendant, Jerry Stevens. This ground sets out that Stevens would testify.

The record shows that at the beginning of the trial Jerry Stevens was in the courtroom, and that when the defendants asked for separate trials and the State elected to try Atkins, the court inquired of counsel for the appellant if he was going to use any of the co-defendants as witness, and that counsel replied, "not at this time."

A mere allegation in a motion for a new trial is not sufficient to establish the fact that the evidence was unknown or that due diligence has been exercised in preparation for trial. *Etowah Gold Mining Co. v. Exter,* 91 Ga. 171 (16 SE 991).

Where the showing as to diligence in reference to newly discovered evidence is not satisfactory, the discretion of the

trial judge in refusing to grant a new trial will not be controlled. *Kleckley & English v. Bank of Oglethorpe,* 19 Ga. App. 251 (91 SE 287).

It was not error to overrule this ground of the motion.

■ The evidence without dispute shows that on the night of September 22, 1970, while the deceased, the manager of a club, was counting the proceeds of the day's sales, the appellant and two others came into the club house. One of the group said, "This is a hold up." Atkins placed his pistol in Howard's face, and when Howard apparently reached for a pistol, Atkins fired his pistol four times, all of the bullets entering Howard's body, causing his death. After taking most of the money, Atkins and the others fled. The appellant offered no evidence. In his unsworn statement, all he said in substance was that the State was trying to railroad him.

*Judgment affirmed. All the Justices concur.*