## 28753. FALLINGS v. THE STATE.

JORDAN, Justice.

John Fallings, appellant herein, was indicted along with three other men by a Fulton County Grand Jury on May 22, 1973. The four were charged, in two separate indictments, with the crimes of armed robbery and murder resulting from the robbery of an A & P supermarket on February 9, 1973. The appellant, after being tried separately by a jury in the Fulton Superior Court, was acquitted of murder, convicted of armed robbery and sentenced to life imprisonment. From this conviction appellant appeals.

Two of appellant's co-indictees plead guilty and testified against the appellant at his trial. One of the men that plead guilty testified as to a conversation that took place out of the presence of the appellant between himself and another of the co-indictees, and appellant claims that it was error for this conversation to be admitted in that there appeared nowhere in the record aliunde proof sufficient to establish prima facie the fact of a conspiracy between the parties, other than the declarations and acts of his alleged co-conspirators both in and out of his presence.

The appellant also complains that "The trial court erred in failing to charge the jury on the law of the withdrawal of a co-conspirator from the conspiracy, after timely objection." *Held:*

1. Code § 38-306, provides as follows: "Declarations by conspirators — After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all."

Without reference to the testimony given by the two

alleged co-conspirators, we find present in the record evidence that appellant had been with the others while the robbery was being planned and discussed, that appellant had procured a pistol on the day of the incident and that he was present in the vehicle utilized for the crime before the act. Although some of the above described evidence came in subsequent to the complained of testimony, we have held that "while it may generally be the better practice to require a prima facie case of conspiracy first to be made, before admitting evidence of the acts and declarations of one of the alleged conspirators there is no inflexible rule to that effect. The trial court has some discretion as to the order in which testimony may be introduced; and if a prima facie case of conspiracy is shown on the whole evidence, the admitting of such testimony is not error." *Coleman v. State,* 141 Ga. 731, 733 (82 SE 228); *Hutchins v. State,* 229 Ga. 804 (194 SE2d 442).

In our opinion the evidence adduced at the trial, independent of the alleged co-conspirator's statements, was sufficient to make out a prima facie case of conspiracy and allow into evidence the complained of statement in accordance with Code § 38-306.

2. The appellant complains in his second enumeration of error that the trial court "erred in failing to charge the jury on the law of the withdrawal of a co-conspirator from the conspiracy, after timely objection." Appellant's entire case in the lower court was based on the premise that he had never entered into a conspiracy, and such being the case the trial judge did not err in failing to charge on withdrawal from a conspiracy. See *Foster v. State,* 230 Ga. 666 (3) (198 SE2d 847).

3. In an amendment to his original enumeration of errors the appellant raises the question of "whether or not under the circumstances of this case, the verdict of not guilty of murder was inconsistent or repugnant to the verdict of guilty of the armed robbery."

There is no merit in this contention. The crime of armed robbery was a lesser included offense of the crime of felony murder arising from the same transaction. The jury may convict of the lesser included crime. Code Ann. § 26-505. See *State v. Estevez,* 232 Ga. 316 (206 SE2d 475).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 25, 1974 — DECIDED SEPTEMBER 24, 1974.

*Murray M. Silver, Paul J. Sewell, Silver, Zevin & Sewell,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Raoul Lerow, Melvin England, Assistant District Attorneys, Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, William F. Bartee, Jr., Assistant Attorneys General, Thomas P. Burke, Deputy Assistant Attorney General,* for appellee.