## 29388. WOODS v. THE STATE.

INGRAM, Justice.

This is an appeal from an armed robbery conviction and life sentence received by the defendant after a jury trial in the Superior Court of Barrow County.

The defendant was indicted jointly with three other defendants for the murder and armed robbery of William Eugene Mann at the latter's grocery store-filling station in Barrow County. Count 1 of the indictment charged the defendants with murder in that with malice aforethought defendants killed the victim by shooting him with a .22 caliber pistol. Count 2 charged the theft of the victim's money from him with the use of the pistol. This defendant, William Leon (Sonny) Woods, Sr., was given a separate trial from the other defendants and was aquitted of murder but found guilty of the armed robbery.

The evidence showed essentially that William Eugene Mann, the proprietor of the store, was killed with

a .22 caliber pistol during the commission of an armed robbery of his store and that approximately $100 of his money was stolen. Defendant Woods, together with two of the other indictees and another party, had traveled from Atlanta to the home of defendant Young Hamilton Hunter in Jackson County on the day preceding the commission of the alleged crimes. The next morning defendant Woods and the other defendants began consuming alcoholic beverages and smoking marijuana. While doing so, the co-defendant Hunter expressed a grudge against William Eugene Mann, the grocery store-filling station proprietor. Hunter obtained a .22 caliber pistol and all four of the co-indictees then proceeded to travel to Mann's store in the defendant Woods' automobile with this defendant driving the vehicle. Upon arrival at the store, defendant Woods remained in the automobile in front of the store while the others who accompanied him went inside and took the money with the use of the pistol. During the course of the robbery, the store owner was shot and he died as a result. Subsequently, all of the indictees returned to Jackson County where they picked up another party and then traveled to Atlanta. During this trip the money taken in the robbery was divided and defendant Woods made a statement during the course of their conversation that he did not know the co-indictee Hunter had the nerve to do it. Defendant Woods remained in Atlanta until he was arrested a couple of weeks after the robbery. Following his arrest, he was interrogated by W. P. Stone, an agent of the D.O.I.

## I.
### Voluntariness of Defendant's Incriminating Statement.

Defendant first enumerates as error the admission into evidence of Agent Stone's testimony concerning the voluntariness of an incriminating statement made by defendant during his interrogation. In the course of the interrogation by Agent Stone, defendant was informed of the charges against him and of statements made by a co-indictee implicating him. He was then asked if he wanted to make a statement. Agent Stone testified that

defendant agreed to tell his side of the story, and at that time the agent advised him of his constitutional rights and defendant signed a waiver reciting that he understood these rights. During Agent Stone's testimony at the trial, defendant's counsel requested the court to conduct a Jackson-Denno hearing to determine the voluntariness of defendant's statement before it was introduced into evidence. This hearing was conducted outside the presence of the jury and the trial judge considered the direct testimony of Agent Stone and his cross examination by defendant's counsel relating to the voluntariness of the incriminating statement made by defendant. The trial judge then ruled the statement had been made voluntarily and could be submitted to the jury. Agent Stone was subsequently asked during the course of his direct examination before the jury if the statement were freely and voluntarily made. Defense counsel objected to the question on the ground that it called for a conclusion on the part of the witness. Defendant asserts that the admission of this testimony was improper and prejudicial. In *Thompkins v. State,* 222 Ga. 420 (2) (151 SE2d 153) (1960), this court rejected a similar contention by the defendant in that case. It was there held that where a witness testifies to the circumstances surrounding the confession, showing clearly that it was voluntary, a question then posed to the witness regarding its voluntariness does not call for a conclusion. In the present case, Agent Stone testified to the circumstances which gave rise to the statement and since these facts surrounding the making of the statement by the defendant were also presented to the members of the jury, they were able to draw their own conclusions about it. See also *Stubbs v. State,* 29 Ga. App. 193 (2) (114 SE 926) (1922).

## II.
### Motion for Mistrial.

Defendant also contends the trial court erred in failing to grant a mistrial upon the motion of defendant after the following testimony of Lili Hafley, a witness for the state, placed the character of the defendant in issue before he had done so himself: "Q. Do you know Sonny?

A. I met Sonny in prison with my brother." At that point, defendant's counsel made a motion for a mistrial. The trial judge, after a brief conference with counsel, instructed the jury to disregard this unresponsive answer given by the witness and asked the jury to wipe it from their minds completely. The trial judge polled the jurors individually asking each if he could disregard the answer and not consider it. Each juror responded affirmatively.

The granting or refusal to grant a mistrial has long been held to be largely in the discretion of the trial judge, but a mistrial should be granted when it is essential to preserve the right of fair trial. See *Queen v. State,* 131 Ga. App. 370, 372 (205 SE2d 921) (1974). Where illegal evidence is admitted at the trial, it is not error to refuse the grant of mistrial if the illegal or harmful testimony can be corrected by proper instructions to the jury. See *Carrigan v. State,* 206 Ga. 707 (3) (58 SE2d 407) (1950), and *Eden v. State,* 43 Ga. App. 414 (1) (159 SE 134). In a similar case, *Britten v. State,* 221 Ga. 97, 102 (143 SE2d 176) (1965), a witness injected the defendant's character into issue by way of reference to a prior act of misconduct in an answer that was not responsive to the question put to him by the solicitor. This court held that the trial judge's instruction to the jury to ignore the answer and not consider it, was sufficient and the failure to grant a mistrial was not error. We hold the trial court did not err in failing to grant a mistrial under the circumstances in this case.

### III.
### Jury Instructions.

Defendant also asserts as error two instructions of the trial judge to the jury. The first portion of the charge assigned as error reads as follows: "Now when circumstantial evidence is relied upon to establish a fact, the evidence must be such as to reasonably establish the theory relied upon, to preponderate to that theory other than to any other reasonable hypothesis."

Defendant acknowledges that in the second sentence following the above quoted portion of the charge, the trial judge correctly stated to the jury: "However, before you would be authorized to convict on circumstantial evidence alone, the proven facts must not only be

consistent with the hypothesis, or conclusion of guilt, but must exclude every reasonable hypothesis or conclusion except that of guilt of the accused." This latter excerpt from the charge was given, in essence, if not verbatim, several times by the trial judge before completing the instructions to the jury. In addition, that portion of the charge assigned as error was preceded and followed in the trial judge's instructions by a complete and accurate charge on the law requiring proof beyond a reasonable doubt for conviction in criminal cases.

Appellant argues that, even though other parts of the charge were correct, the jury, in effect, was required to select one part of the charge to the exclusion of another and this is reversible error. Appellant requests that we overrule *Pless v. State,* 231 Ga. 228 (1) (200 SE2d 897) (1973), a companion case to this case in which an identical charge given in similar circumstances was held to be harmless error. We adhere to the holding in *Pless* and follow it in this case. When the entire charge of the trial court is read together, it is clear that the jury was correctly and fully charged on the burden of proof required in this case and were not placed in the posture of having to select from conflicting instructions. Therefore, we reach the same conclusion here that we did in *Pless* in finding no harmful error from the charge.

The remaining instruction complained of by the defendant relates to a part of the charge given by the trial judge on the issue of conspiracy. The specific charge complained of reads as follows: "If you find a conspiracy to do an unlawful act, and conceal it, actually existed between the defendant and the co-defendants at the time of the alleged acts and declarations beyond a reasonable doubt, then such evidence is admissible, and may be considered by you to establish the crime and the guilt of the defendant." Defendant contends that this portion of the charge on conspiracy authorized the jury to convict defendant of armed robbery solely upon a finding of a conspiracy to conceal an unlawful act. Defendant apparently reads the conjunction "and" in the first portion of the quoted sentence from the charge to be disjunctive rather than conjunctive. This part of the charge did not authorize the jury to convict solely upon

the finding of a conspiracy to conceal an unlawful act as contended by defendant. The trial court gave the jury a full and correct charge on the law of conspiracy. The charge, when considered as a whole, was fair and did not mislead the jury. See *Hilton v. State*, 233 Ga. 11 (2) (209 SE2d 606).

## IV.

### Inconsistent Verdicts.

Defendant's final contention is that the jury's verdicts of innocent on the count of murder and guilty on the count of armed robbery are inconsistent, repugnant and require a reversal. Defendant emphasizes in his argument that there was no evidence presented at the trial which showed that he participated directly in either of the crimes of which he was charged in this case. Defendant contends that if the evidence shows he was guilty of any crime, at most, it shows he was guilty only of conspiring to commit the crimes charged against him. Defendant argues forcefully that the recent case of *Fallings v. State*, 232 Ga. 798 (209 SE2d 151) (1974), dealing with the conviction of a lesser included offense (armed robbery) in a felony (armed robbery) murder case where the defendant was acquitted of the felony murder charge, is incorrect as a matter of law. In *Fallings*, this court approved the robbery conviction in that case, holding that the armed robbery felony was a lesser included offense of the crime of felony murder arising from the same transaction.

In the present case, defendant was indicted in separate counts for the offenses of armed robbery and murder. Unlike *Fallings*, defendant was not indicted in this case for felony murder, but was indicted for murder as a separate offense. Thus, it was incumbent upon the state to prove the defendant was a part of the conspiracy to commit each of these offenses. "Mere presence and participation in the general transaction in which a homicide is committed is not conclusive evidence of consent and concurrence in the perpetration of the crime by a defendant sought to be held responsible for the homicide as aiding and abetting the actual perpetrator, unless such defendant participated in the felonious design of the person killing." *Futch v. State*, 137 Ga. 75

(3 a) (72 SE 911) (1911). Proof of the elements of the offense of felony murder necessarily requires proof of the elements of the felony. See Code Ann. § 26-1101 (b). Thus, the felony is a lesser included offense of felony murder under Code Ann. § 26-505 and conviction of both offenses is proscribed under the provisions of Code Ann. § 26-506. However, this is not a felony murder case and proof of the murder did not require proof of the armed robbery. The two offenses are separate here. See *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974). If the murder charge in the present case had been pleaded or proven as a felony murder, the armed robbery would be a lesser included offense of the murder and conviction for both offenses would be barred under the rationale of *Fallings.* But the acquittal on the present murder count did not render the conviction and punishment for armed robbery illegal. We hold these verdicts are not inconsistent or repugnant under the indictment and evidence in this case.

The evidence is sufficient to support the jury's finding that the defendant is guilty of armed robbery and we find no harmful error for any reason enumerated in this appeal. The judgment of conviction and sentence will, therefore, be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 13, 1974 — DECIDED JANUARY 7, 1975 — REHEARING DENIED JANUARY 28, 1975.

*Hudson & Montgomery, Jim Hudson,* for appellant.
*Nat Hancock, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.