## 29417. CARTER v. HOPPER.

HALL, Justice.

Carter appeals pro se to this court from the judgment of the Tattnall Superior Court remanding him to custody following the evidentiary hearing held upon his habeas corpus petition. Involved here are nine sentences imposed upon Carter at various times since March 1972 in four counties, mainly for forgery. These sentences were correctly described in the order and judgment of the Tattnall Superior Court. In his petition Carter attacked all the sentences except a short, expired, escape sentence, and a 12 month sentence for drunken driving.

A prison system representative testified that Carter was at the time of the hearing serving numerous sentences which had not expired; that consecutive to all these sentences he was to serve an Upson County sentence of five years for escape; and that concurrently with the Upson County sentence he was to serve a longer Bibb County sentence (actually two sentences), for motor vehicle theft. Our review of the documents in the record makes it appear that Carter is not yet serving the Bibb County sentence, despite the apparent contrary impression of the superior court and the state's attorneys; but this is a pivotal question and it is one upon which a factual determination is needed.

The superior court found as a fact that Carter did not attack the motor vehicle theft sentences; and then, apparently considering those sentences to be concurrent with other present sentences, found that the existence of the unattacked sentences made it unnecessary to consider the attacks on the other sentences.

We find that the motor vehicle sentences were attacked; and that the record as it stands is inadequate to determine whether those sentences are being presently served concurrently with others, or are scheduled for future service.

The superior court erred in concluding as a fact that the motor vehicle sentences were not attacked by Carter. They are plainly attacked in his written petition. It is true that Carter at one point during the hearing was asked if

he attacked these "sentences" and answered negatively; but the record as a whole shows this answer to be inconsistent with his posture in the entire matter, and we conclude that the response was the result of momentary confusion.

The motor vehicle sentences are sought to be attacked here, and they are perhaps concurrent with others. On remand, if the Tattnall Superior Court determines that the sentences are concurrent, the court is nonetheless directed to consider the merits of the attack on each sentence if the sentence is exercising "restraint" upon Carter within the meaning of the test enunciated in *Jones v. Hopper,* 233 Ga. 531. It is no longer generally the law in this state that one may not attack one of several concurrent sentences. Id.

Though the superior court considered certain of Carter's contentions, it declined to consider most of them on the strength of its conclusion that the Bibb sentences were unattacked and were being presently served concurrently with others. The court is directed on remand to determine whether Carter's Bibb County sentences are in fact concurrent or consecutive to the forgery sentences, and to consider the merits of the attacks Carter levels at his various sentences in light of this opinion and the authorities cited herein. See also *Parris v. State,* 232 Ga. 687 (208 SE2d 493).

*Judgment remanded with direction. All the Justices concur.*

SUBMITTED DECEMBER 2, 1974 — DECIDED FEBRUARY 5, 1975 — REHEARING DENIED MARCH 4, 1975.

Curtis Carter, *pro se.*

*Arthur K. Bolton, Attorney General, John B. Ballard, Assistant Attorney General,* for appellee.