## 50152. COOK v. THE STATE.

BELL, Chief Judge.

The defendant, Calvin Cook, was indicted for murder but was convicted of voluntary manslaughter and sentenced.

The defendant and the deceased, a woman, became embroiled in an argument at defendant's apartment over misplaced keys. Witnesses for the state, residents of adjacent apartments, testified that the quarrel, which they overheard but did not personally observe, continued for about a seven hour period; that they could hear the infliction of blows; that they recognized the defendant's and the victim's voices; and they heard the victim state "Calvin quit, Calvin leave me alone" and that defendant stated he would kill the deceased. On Sunday, January 7, 1974, which was about four days after the quarrel, the defendant reported to a state's witness that he believed that the victim was dying; an ambulance was called; and the victim was taken to a hospital where she died on January 8, 1974. A police officer obtained a statement from the defendant in which he denied having any knowledge of any beating that could have caused the injuries which resulted in the deceased's death but admitted that he had on a number of occasions been in arguments with the victim and that he had slapped her around. A pathologist testified for the state that from the autopsy he performed, it was his opinion that the cause of death was from blunt force injuries to the abdomen which had been inflicted about seven to ten days prior to death.

The defendant called as witnesses, another physician and a nurse. The doctor, a radiologist, testified that he had

examined an x-ray of the chest of the victim taken on January 7, 1974 and gave the opinion that the victim was suffering from an enlarged heart which was in early failure. The nurse testified that she had attended the deceased from the time of admission until her death and that the victim was treated for "a seizure"; that her respiration was rapid; her temperature was quite high; and that she was given a cardiac massage by another physician. *Held:*

1. It was not error after indictment to deny defendant's pre-trial motion for a commitment hearing. There is no right to a commitment hearing after the defendant has been indicted. *Phillips v. Stynchcombe,* 231 Ga. 430 (202 SE2d 26).

2. It is contended that the court erred in charging on the law of voluntary manslaughter and that the verdict was unauthorized as there was insufficient evidence of that crime. The evidence authorized the charge. Although circumstantial, the evidence of the quarrel over the keys, the fighting, the statements of the victim and the defendant coupled with the autopsy findings as to the cause of death are sufficient evidence to charge and to warrant the jury to find that defendant caused the death of the deceased acting solely "as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person . . ." Code Ann. § 26-1102.

3. The court charged the jury on the lesser included offense of involuntary manslaughter in the commission of an unlawful act other than a felony; that "simple battery is a lesser included offense of murder and that a person commits simple battery when he either (a) intentionally makes physical contact of an insulting or provoking nature with the person of another or (b) intentionally causes physical harm to another."

The jury then was charged that if they "should believe that the defendant was not guilty of an unlawful act, as I have charged you, [referring to simple battery] or, if guilty of such act, the same did not contribute to the death of the person named, it would be the duty of the jury to acquit the defendant." In conclusion the court instructed the jury that they could find four possible

verdicts: (1) acquittal; (2) murder; (3) voluntary manslaughter or (4) involuntary manslaughter. After the jury retired defendant's counsel entered an exception that the court had failed to give the form of verdict for simple battery. Overruling this exception, the court refused to allow simple battery to be considered by the jury as a possible verdict. While there was some evidence that the deceased may have died from heart failure unrelated to the battery, there still remained evidence that the accused had committed the lesser offense of simple battery four days prior to the death.

It is a basic law that a defendant in a criminal case is entitled to have the jury consider every lesser offense which the evidence authorizes which is includable in the crime for which he was indicted. See Code Ann. § 26-505. Here, the evidence would have authorized a conviction for the lesser offense of battery. The instruction to the jury that if they found defendant guilty of battery "and the same did not contribute to the death" that they should acquit was erroneous, as it removed from jury consideration a verdict of guilty of this lesser offense of battery. However, this erroneous charge, and the refusal to submit a form of verdict for this offense was favorable to defendant and no harm resulted. A jury is presumed to follow the charge of the court. Obviously, they did not find that defendant committed a simple battery which did not contribute to the death as they did not acquit.

4. Lastly, it was not error for the court to charge "Where one inflicts an unlawful injury upon the person of another such injury is to be accounted as the efficient, proximate cause of the death of the person injured, whenever it shall be made to appear, (1) that the injury itself constituted the sole proximate cause of the death; or (2) that the injury directly and materially contributed to the happening of a subsequent accruing immediate cause of the death; or, (3) that the injury materially accelerated the death, although proximately occasioned by a preexisting cause." This instruction was authorized by the evidence.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED FEBRUARY 3, 1975 — DECIDED MARCH 21, 1975.

*Downey, Cleveland & Moore, Douglas R. Haynie,* for appellant.

*George W. Darden, District Attorney, B. Wayne Phillips, Assistant District Attorney,* for appellee.