## 29499. ATKINS v. HOPPER.

JORDAN, Justice.

James Atkins appeals to this court from a judgment

of the Tattnall County Superior Court denying his petition for habeas corpus relief and remanding him to the custody of the respondent warden.

Appellant was tried before a jury in November of 1970 and convicted for the crime of murder committed during the course of an armed robbery. Appellant was sentenced to life imprisonment, and this court affirmed the conviction and sentence in *Atkins v. State,* 228 Ga. 578 (187 SE2d 132).

Subsequent to appellant's murder conviction, he was indicted, tried, and found guilty of the armed robbery which served as the basis for his felony murder conviction in that the armed robbery of both men who were robbed was included in the indictment for felony murder. Appellant was sentenced to ten years imprisonment for the armed robbery with said sentence to run concurrently with his life sentence for murder.

Appellant attacked both sentences in the habeas court alleging, inter alia, that he was denied effective assistance of counsel, that evidence was introduced that resulted from an illegal search and seizure, that the evidence did not support the verdict; misjoinder of offenses; and that the armed robbery conviction was the result of an illegal multiple prosecution.

1. We have carefully studied appellant's contentions concerning the validity of his murder conviction and find that those not disposed of on direct appeal are without merit.

2. The main question before us now concerns the validity of appellant's lesser concurrent sentence for armed robbery, and our treatment of this issue in light of our holding that he is presently serving a valid life sentence. In the past appellant's contentions as to the invalidity of his sentence for armed robbery would have been disposed of in the following manner: "A writ of habeas corpus looks only to the lawfulness of the present confinement." *Bridges v. Ault,* 229 Ga. 108 (189 SE2d 391).

This sort of disposition is no longer valid after our opinions in *Parris v. State,* 232 Ga. 687 (208 SE2d 493); *Jones v. Hopper,* 233 Ga. 531 (212 SE2d 367); and *Carter v. Hopper,* 233 Ga. 879. In these opinions we restructured our definitions of "custody" and "restraint" as they relate

to the ripeness of attacks on sentences in habeas corpus petitions for both trial and appellate review.

In *Parris v. State,* supra, we allowed an attack on a sentence that had been completely served because it was serving as a restraint on petitioner's liberty due to a federal recidivist statute. In *Jones v. Hopper,* supra, we allowed an attack on two life sentences for rape while other lesser concurrent sentences went unattacked. In *Jones,* however, we required the petitioner to show some adverse collateral consequences flowing from the two sentences, such as a detrimental effect on petitioner's eligibility for parole (Nelson v. George, 399 U. S. 224), or some other restraining effect. *Carter v. Hopper,* supra, left the situation in about the same state as it was after *Jones.*

Today we meet a new situation. After holding the life sentence valid, will we entertain appellant's attack on the *lesser* concurrent sentence or utilize what has been called the "concurrent sentence doctrine" and not treat his contentions due to the existence of a longer valid sentence? The restraint flowing from a sentence that is shorter than an unattacked or valid sentence is more subtle and harder to define than that faced in the prior cases. However, after careful consideration we have come to the conclusion that a felony conviction and its subsequent sentence serves as a restraint in many ways and if such conviction is void it should be treated at the initial habeas hearing and at the appellate level if incorrectly decided.

Adverse collateral consequences can be found through recidivist statutes, parole consequences, and difficulties in reassociation with a free society after release from prison. As stated by the U. S. Supreme Court in Benton v. Maryland, 395 U. S. 784, 789 the "concurrent sentence doctrine" is merely one of "judicial convenience." Therefore, to assess the degree of judicial convenience actually served by the doctrine, we asked the Attorney General to address himself in a supplemental brief to certain questions of statistics. He has responded that approximately 25% of habeas corpus petitions filed by Georgia prison inmates attack sentences with one or more concurrent sentences present, but that in most cases the testimony and evidence pertaining to one conviction will

also pertain to the other. Only in approximately 10% of the "concurrent" petitions would the Attorney General expect different and additional sources of testimony and evidence to be required to afford a full evidentiary presentation before the habeas court. Thus, the judicial convenience actually to be served by the doctrine is comparatively slight, when weighed against the significant interests of justice. Today we hold that the burden of this inconvenience should rest on the shoulders of the judiciary rather than on those of an imprisoned petitioner. We believe that this is a logical extension of the holding in *Parris,* supra, and the cases following it, and that the interests of justice can best be served by treating all proper complaints for habeas corpus relief from void felony convictions at the first opportunity. To require a petitioner to allege adverse collateral consequences of a felony conviction is in effect requiring him to do a useless act. Release from confinement is no longer the sole function of the Great Writ. Carafas v. LaVallee, 391 U. S. 234; *Parris v. State,* supra. Habeas corpus relief can now serve to relieve the stigma and burden of an invalid sentence regardless of its position in relation to other sentences. For other courts reaching in effect the same result, see Frizzell v. State, 238 S2d 67 (Fla. 1970); and Jackson v. Henderson, 260 La. 90 (255 S2d 85) (1970).

3. After making the above determination we now look to the appellant's contentions concerning the validity of the armed robbery conviction. In *Woods v. State,* 233 Ga. 495, 501 (212 SE2d 322), we held that "proof of the elements of the offense of felony murder necessarily requires proof of the elements of the felony. See Code Ann. § 26-1101 (b). Thus the felony is a lesser included offense of felony murder under Code Ann. § 26-505 and conviction of both offenses is proscribed under the provisions of Code Ann. § 26-506." It is obvious under *Woods,* supra, and the cited Code sections that appellant's armed robbery sentence under the facts of this case is void.

We remand the case to the trial court for action not inconsistent with this opinion, and the cases cited herein.

*Judgment affirmed in part and reversed and remanded in part. All the Justices concur, except Nichols,*

*C. J. and Hill, J., who concur specially.*

SUBMITTED DECEMBER 20, 1974 — DECIDED
MAY 6, 1975.

James K. Atkins, *pro se.*
Arthur K. Bolton, Attorney General, B. Dean
*Grindle, Jr., Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.

I concur in Divisions 1 and 2 of the opinion of the court. I am unable to concur in Division 3, which holds that where a person commits murder in the commission of a felony (Code Ann. § 26-1101 (b)), the felony (armed robbery in this case) is a lesser included offense of felony murder under Code Ann. § 26-505 and conviction of both offenses is proscribed under the provisions of Code Ann. § 26-506.

However, I agree that under the facts of this case the armed robbery conviction should be set aside, and I therefore concur in the judgment. My reasons for concurring in the judgment setting aside the armed robbery conviction are as follows:

The record shows that petitioner was indicted for the murder of Ray Howard while in the commission of the armed robbery of Ray Howard and Ernest Akins. He was tried, found guilty and sentenced to life imprisonment on November 30, 1970.

Subsequently, petitioner was indicted, tried, found guilty of armed robbery and sentenced to ten years imprisonment on June 2, 1971. The findings of fact by the court below show that the armed robbery charge "arose from the same sequence of events resulting in Howard's death." It is not clear from the record whether the subsequent armed robbery charge was armed robbery as to Howard, or as to Akins, or as to both.

However, the court below found that ". . . the district attorney was aware of the commission of the crime of armed robbery at the time of the murder prosecution. Further, there is nothing to indicate that the murder and armed robbery prosecutions were severed 'in the interest

of justice.' " The court below declined to apply Code Ann. § 26-506 (b).

That Code section, which I would apply here, provides as follows (Code Ann. § 26-506 (b)): "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c)." Subsection (c) provides that when two or more crimes are charged as required by subsection (b), the court in the interest of justice may order that one or more of such charges be tried separately.

As found by the court below, petitioner was not charged jointly with felony murder and armed robbery, with the armed robbery being tried separately in the interests of justice. He was indicted, tried, and convicted for felony murder. Thereafter he was indicted, tried and convicted of the felony which was known to the prosecutor at the time of commencing the murder prosecution.

Thus, in my view, the subsequent armed robbery prosecution was prohibited by Code Ann. § 26-506 (b). Where several crimes arising from the same conduct are known to the prosecutor at the time of commencing the prosecution and are within the jurisdiction of a single court, the prosecutor cannot withhold some such crimes from the prosecution for possible later prosecution.

Although I reach the same result as the majority of the court, I am unable to reach that result by the reasoning utilized by the majority. My reasons are as follows:

Petitioner appealed his murder conviction. *Atkins v. State,* 228 Ga. 578 (187 SE2d 132). The record in that case shows that the murder victim, Ray Howard, was owner and manager of the Amvets Club in Statesboro, and that one Ernest Akins was an employee there. Akins testified at the murder trial that the defendant (petitioner) and three companions entered the Club, that the defendant pulled a pistol and shot the victim, and that about $600 was taken from the victim and $30 from the employee, witness Akins. The victim died.

For me, that constitutes two armed robberies and one

murder. The majority however holds that these two armed robberies are lesser included offenses of the felony murder. I can only assume that if one or more customers had been robbed at the same time, all the armed robberies would, according to the majority view, have been lesser included offenses of the felony murder. I am unable to agree that this is so.

I do not read Code Ann. § 26-505 as saying that, when applied to the facts of this case, the armed robbery of witness Akins was a lesser included offense of the murder of Howard. If petitioner had been found innocent of Howard's murder at the first trial, in my view the jury could not properly have returned, pursuant to Code Ann. § 26-505, a verdict of guilty of armed robbery of Akins in that case. He was not charged in the first indictment with the armed robbery of Akins; he was charged with the murder of Howard while in commission of the armed robberies of Howard and Akins.

However, I read Code Ann. § 26-506 (a) as saying that petitioner could have been charged, tried, and convicted, in the first instance, with the felony murder of Howard and the armed robbery of Akins. That subsection provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."

In my view, the armed robbery of Akins was not included in the murder of Howard (as noted above) and the crimes of murder of Howard and robbery of Akins are different in kind, not in definition. Therefore, Code Ann. § 26-506 (a) would, in my view, have permitted petitioner's prosecution, and conviction, of both crimes, the same conduct of the accused establishing the commission of both Howard's murder and Akins' armed robbery.

However, as noted above, because petitioner was not prosecuted in the first instance for both crimes, in my view Code Ann. § 26-506 (b) prohibits the subsequent prosecution of petitioner for the armed robbery of Akins.

In concurring with the majority, I express no opinion as to whether or not the armed robbery of Howard was a lesser included offense in the felony murder of Howard.

I am authorized to state that Chief Justice Nichols joins me in this special concurrence.