## 66071. LEE v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for murder but convicted of voluntary manslaughter. He appeals following the denial of his motion for new trial, as amended. *Held:*

The defendant, who defended on the theory of self-defense of himself (who was armed) and defense of his mother (who was unarmed), contends the trial court erred in charging the jury on the offense of voluntary manslaughter. By brief he argues that the trial court should be reversed and this court should order the trial court to enter a verdict of not guilty to all offenses, allegedly due to the

erroneous charge of voluntary manslaughter. We note that by its verdict of guilty of voluntary manslaughter, the jury had acquitted defendant of the offense of murder for which he was indicted. We, therefore, review the second enumeration of error, as well, complaining that the verdict was contrary to the evidence and against the weight of the evidence. Defendant contends the evidence does not show any acts by him solely as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. He contends he reacted solely to fear and not heated anger or rage, citing *Swett v. State,* 242 Ga. 228, 230 (248 SE2d 629). He contends he did not willfully kill the deceased, who was the aggressor, although he did not deny shooting and killing her, albeit without malice aforethought, as it was necessary for him to do so in order to protect himself and his mother. See *Williams v. State,* 232 Ga. 203, 204 (206 SE2d 37); *Gregg v. State,* 233 Ga. 117 (2), 121 (210 SE2d 659). In this regard, he cites the evidence more favorably toward his defense than that of the state. He overlooks the fact that the jury could have considered him the aggressor in that he obtained his semi-automatic rifle first, ostensibly to protect himself and his mother as he so contends. We note that the defendant testified that "about the time I got on the front porch she [deceased] started at me again cussing me and cussing me and calling me everything . . . I told Willie Woods, I told him to look out for my house that I was going to get my gun and go down to mother's because I didn't want no trouble . . . She [deceased] was still out there just a cussing and when I got on the porch that's when she started coming on my side doing her hands like this and cussing me, and that's when I swung at her with the gun. I didn't try to hit her, thought maybe that will get her back and I swung two times I know . . . I just started walking on off the porch . . . She busted back in the house" and came back out in a split second with a shotgun in her hands which she pointed at him whereupon the defendant fired his rifle at her several times and she just fell. A state's witness (Willie Woods) testified that just prior to the shooting the defendant had been attempting to chop some wood out in the yard. The deceased starting arguing about cutting the wood, cursing and telling defendant he wasn't going to cut any of the wood.

Our law is clear that where there is evidence raising doubt, however slight, as to whether a homicide was murder or voluntary manslaughter, it is not error for the court to instruct the jury upon the law of voluntary manslaughter. See *Tucker v. State,* 61 Ga. App. 661 (7 SE2d 193); *Cook v. State,* 134 Ga. App. 357, 359 (3) (214 SE2d 423). OCGA § 16-3-21 (b) (formerly Code Ann. § 26-902 (Ga. L. 1968, pp. 1249, 1272; 1975, p. 1209; 1981, pp. 880, 882; 1981, p. 1393)) with

reference to the use of force in defense of self or others clearly states that a person is not justified in using force if he initially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant; or if he was the aggressor or was engaged in a combat by agreement unless he withdraws from the encounter and effectively communicates to such other person his intent to do so and the other, notwithstanding, continues or threatens to continue the use of unlawful force. Clearly the provocation by the deceased would have authorized him to obtain a weapon in defense of self and family, but the jury was authorized to determine that he had other reasons for obtaining the weapon due to the provocation rendered against him by the deceased who could have viewed this as aggression against her and to obtain her weapon. The jury simply considered the evidence and was authorized to find him guilty of voluntary manslaughter even though it could have found him not guilty by reason of justifiable homicide, his sole defense.

There being ample evidence before the jury to find the defendant guilty of voluntary manslaughter, we find there was no reversible error in charging on voluntary manslaughter. Further, we have reviewed the transcript and record and are convinced that a rational trier of fact (the jury) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of voluntary manslaughter. See *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1); *Conyers v. State,* 249 Ga. 438, 440 (1) (291 SE2d 709). We find no merit in either of the enumerations of error.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1983.

*Samuel D. Ozburn,* for appellant.

*John T. Strauss, District Attorney, John M. Ott, Assistant District Attorney,* for appellee.