40828. PETERSON v. THE STATE.
40829. ALFORD v. THE STATE.
(317 SE2d 521)

CLARKE, Justice.

The appellants were indicted along with Austin Rambo and Delacie Hamilton for felony murder for causing the death of Otis Mackey by shooting him with a pistol during the commission of a robbery upon Mr. Mackey. Rambo entered a plea of guilty to murder and was sentenced to life imprisonment. Hamilton pled guilty to robbery; she testified against the appellants at their joint trial which resulted in a verdict of guilty of felony murder. They now appeal their convictions and sentences of life in prison. We affirm.

The evidence established that the victim, Mackey, was known to carry large amounts of cash. On June 30, 1983, the appellants and Rambo went to Ms. Hamilton's residence to discuss whether she

would like to make some money. She was informed that Mackey would be carrying a lot of cash and that if she could get him alone at a motel they would take care of "the rest."

Hamilton was given a description of Mackey who was known to be partying that night at the Cornfield Juke in Dougherty County. Appellants drove Hamilton to a house near the Cornfield Juke; after she arrived at the night spot appellant Alford entered, which was in accordance with their prearranged plans, to assist her in identifying Mackey.

Hamilton succeeded in picking up Mackey and eventually the two of them went to a motel and acquired a room. There was evidence that the appellants and co-indictee Rambo followed the pair, parked and waited around near the motel. After one to two hours Mackey and Hamilton left the room and Mackey went to check out. He was then approached by Rambo who had a pistol; one shot was fired by Rambo which caused the death of the victim. Hamilton fled on foot and the appellants and Rambo left the scene together in an automobile.

Each of the appellants presents the same sole enumeration of error in this appeal based on the court's reply to a question asked by the jurors during deliberation.

The jury had been instructed on the principles of felony murder as charged in the indictment. After deliberations had begun the court was notified that the jury had a question and they were returned to the courtroom. The following question was asked by a juror: "We want to know if there was any way if we did not necessarily agree on the murder charge, is there a lesser charge?" The court replied, "No, this charge would be murder, guilty or not guilty." No objection was made by the defense.

The appellants contend this was error because a defendant is entitled to have the jury consider all lesser crimes included in the indictment, relying on *Cook v. State*, 134 Ga. App. 357 (214 SE2d 423) (1975). The underlying robbery was a lesser included offense of the felony murder. *Woods v. State*, 233 Ga. 495 (212 SE2d 322) (1975); *Atkins v. Hopper*, 234 Ga. 330 (216 SE2d 89) (1975). We agree with appellants' argument that the jury may convict upon the lesser included felony in a felony murder case. *Fallings v. State*, 232 Ga. 798 (209 SE2d 151) (1974).

It is because the underlying felony is a lesser included offense that appellants' argument must fail. There was no written request to charge on the lesser included offense, and failure to charge on a lesser included crime without a request is not error. *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976). In addition, at each phase of the charge and recharge, appellants made no objection on this issue and never indicated a desire for the jury to consider a lesser charge. Under these

circumstances there was no error in the judge's reply to the jury that their only verdict could be guilty or not guilty of murder.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 1984 — REHEARING DENIED JULY 16, 1984.

*Baynard & Keenan, Robert E. Baynard,* for appellant (case no. 40828).

*J. Wayne Parrish,* for appellant (case no. 40829).

*Hobart M. Hind, District Attorney, Columbus B. Burns III, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.