77505. BYRAM v. THE STATE.
(376 SE2d 909)

BANKE, Presiding Judge.

The appellant was convicted of armed robbery based on evidence that she had participated with three other persons in the robbery of a pizza deliveryman at knifepoint. She brings this appeal from the denial of her motion for new trial. *Held:*

1. The appellant attacks the constitutionality of OCGA § 17-6-1, contending that it constitutes "an unreasonable restraint by the legislature upon the discretionary power of the judiciary." We assume that the appellant's quarrel is with subsection (g) of the Code section, which specifies in pertinent part that "[n]o appeal bond shall be granted to any person who has been convicted of . . . armed robbery. . . ." However, we are cited to no ruling by the trial court deny-

ing an appeal bond in the present case. Consequently, this enumeration presents nothing for review. Moreover, even assuming that the appellant was in fact denied an appeal bond on the basis of this statutory provision, we note that its constitutionality has previously been upheld against both due process and equal protection challenges. See *Browning v. State*, 254 Ga. 478 (2) (330 SE2d 879) (1985).

2. It is asserted that the trial court erred in allowing one of the investigating officers to reveal the nature of certain in-custody statements one of the co-indictees had made in his presence which tended to incriminate the appellant. The testimony in question served as the foundation for the introduction of certain items of physical evidence which were seized from the residence where the offense occurred. As there is no indication that the appellant raised any objection either to the testimony or to the introduction of the physical evidence itself, this enumeration of error also presents nothing for review.

3. The appellant contends that the trial court erred in refusing to charge on conspiracy as a lesser included offense. See generally OCGA § 16-4-8. However, the evidence introduced at trial established without dispute that the armed robbery had in fact been committed. "The failure to charge on conspiracy under these circumstances is not error, because, if the crime has in fact been committed, the co-conspirators are guilty as parties to the commission of the crime under [OCGA § 16-2-20]." See *Gunter v. State*, 243 Ga. 651, 660 (256 SE2d 341) (1979).

4. The trial court did not err in failing to charge, without request, on the lesser included offense of robbery by intimidation. See generally *Peterson v. State*, 253 Ga. 171, 172 (317 SE2d 521) (1984); *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976).

5. Subsequent to her arrest, the appellant made certain incriminating statements to police, both orally and in writing. In response to a written discovery request served upon the state prior to trial, defense counsel was provided with a copy of the written statement but not a summary of the oral statement. For this reason, the trial court did not allow the state to prove the contents of the oral statement. The appellant contends on appeal that proof of the written statement should also have been excluded under these circumstances. We find this contention to be without merit. Cf. *White v. State*, 253 Ga. 106 (2) (317 SE2d 196) (1984).

6. The appellant also contends the written statement was inadmissible because it was the product of an unlawful arrest and was not voluntary. Based on the evidence adduced at the *Jackson v. Denno* hearing, we hold that if in fact any such objections were made at trial, they were properly overruled. See generally *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

7. The appellant contends that the trial court erred in failing to

charge the jury on the requirements of OCGA § 24-3-53, which provides as follows: "All admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction."

The court did in fact charge the first sentence of the Code section, and the appellant did not request a charge on the second portion. As her written statement to police was, in any event, amply corroborated by other evidence, this enumeration of error is also without merit.

8. Because the state's case did not rest merely on circumstantial evidence, the trial court did not err in failing to charge, without request, on the provisions of OCGA § 24-4-6. See *Whittington v. State*, 252 Ga. 168 (7) (313 SE2d 73) (1984).

9. The evidence introduced at trial, considered in its entirety, was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the appellant was an active participant in the armed robbery. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

10. We have carefully examined the appellant's remaining enumerations and have determined that they establish no ground for reversal of the appellant's conviction.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1988 —
REHEARING DENIED DECEMBER 14, 1988.

*James W. Bradley*, for appellant.
*Robert E. Keller*, District Attorney, *Daniel J. Cahill, Jr.*, Assistant District Attorney, for appellee.