**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 18, 2016**

# In the Court of Appeals of Georgia

A16A0264. HOPKINS v. THE STATE.

BARNES, Presiding Judge.

Following his convictions for DUI (less safe alcohol), obstruction of a police officer, interference with government property, failure to stop at a stop sign, failure to register automobile, and one count of simple assault, Arkeem Hopkins appeals. Hopkins contends that the trial court erred in denying his motion for mistrial based on an improper closing argument. We disagree and affirm the conviction.

On appeal, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Hyman v. State*, 222 Ga. App. 419, 421 (1) (474 SE2d 243) (1996). So viewed, the evidence shows that a police officer stopped Hopkins after she "saw the vehicle blow through the stop sign." When she approached Hopkins' vehicle, the officer smelled alcohol coming from his breath and the vehicle, and she noticed his eyes appeared red and glassy. The officer noticed that the registration and insurance did not appear under Hopkins' name and asked him to get out of the vehicle. When he exited the vehicle, Hopkins seemed unsteady and disheveled and

told the officer he had four drinks that evening, but could not recall the time of his last drink. Hopkins initially agreed to perform a preliminary breath test, but then said that it was "too hot to breathe." Hopkins refuse any other field sobriety tests. Based on his observations, training, and experience, the officer concluded that Hopkins was a less safe driver because of alcohol impairment and read Hopkins the implied consent warning. As the officer attempted to place him in handcuffs, Hopkins attempted to evade arrest, but was eventually taken into custody and later indicted on the above charges.

At trial during the State's closing, Hopkins objected and moved for a mistrial arguing that the State made an improper statement when, referring to the traffic stop, the prosecutor said that it "was a dangerous situation. What if he had a gun." The trial court sustained the objection, but denied the motion for a mistrial. The trial court gave the jury curative instructions, telling them "what the attorneys say in closing arguments is not evidence. There was no evidence of gun or anything and you shouldn't use insinuations or anything like that in arriving at your verdict." The jury found Hopkins guilty, and he now appeals.

Hopkins contends the trial court erred when it denied his motion for mistrial based on an improper closing argument. "The granting or refusal to grant a mistrial has long been held to be largely in the discretion of the trial judge, but a mistrial should be granted

2

when it is essential to preserve the right of fair trial." *Woods v. State*, 233 Ga. 495, 498 (II) (212 SE2d 322) (1975).

Here, the trial court sustained Hopkins' objection to the remark, and instructed the jury to disregard the State's statement about the gun and reminded them only to consider the evidence and law as charged, curing any unfairness created by the State's argument. "It is for the trial court to determine whether the granting of a mistrial is the only corrective measure or whether any prejudice can be corrected by withdrawing the testimony from the jury's consideration under proper instruction from the court."(Citation and punctuation omitted.) *Banks v. State*, 281 Ga. 678, 682 (3) (642 SE2d 679) (2007). Assuming without deciding that the statement at issue was improper, we conclude that the trial court's curative instructions adequately preserved Hopkins' right to a fair trial, and the trial court did not abuse its discretion in denying a mistrial. See *Davis v. State*, 285 Ga. 343, 344 (2) (676 SE2d 215) (2009) ("[A]ny purported harm was cured when the trial court instructed the jurors that they could only consider the evidence and law as charged.")

Accordingly, we affirm the conviction.

*Judgment affirmed. Boggs and Rickman, JJ., concur.*