## 44938. POTTS v. THE STATE.
### (359 SE2d 916)

CLARKE, Presiding Justice.

Potts is appealing from the denial of his motion to dismiss the state's attempt to seek the death penalty in this sentencing retrial in Forsyth County. The trial court denied his pre-trial double jeopardy plea and Potts appeals pursuant to our holding in *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982). We affirm.

Potts was convicted of murder in Forsyth County for the shooting death of Michael Priest. The jury found aggravating circumstances existed and returned a sentence of death for this offense. *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978). The death sentence for this conviction was set aside during federal habeas corpus proceedings. See *Potts v. Zant,* 734 F2d 526 (11th Cir. 1984). The Eleventh Circuit held that the death sentence should be set aside because of improper argument to the jury by the prosecuting attorney. *Potts v. Zant,* supra. The conduct found to be improper was the reading to the jury of passages from *Eberhart v. State,* 47 Ga. 598 (1873).

The case has now been remanded to Forsyth County for retrial on sentencing and the state has announced its intention to once again seek the death penalty. The defense filed this claim of double jeopardy on the ground that the conduct of the prosecutor in reading to the jury from *Eberhart* and from *Gregg v. Georgia,* 428 U. S. 153 (96 SC 2909, 49 LE2d 859) (1976) amounted to intentional misconduct which warranted a mistrial and should bar retrial under the principles of *United States v. Tateo,* 377 U. S. 463 (84 SC 1587, 12 LE2d 448) (1964) and *United States v. Dinitz,* 424 U. S. 600 (96 SC 1075, 47 LE2d 267) (1976).

The trial court conducted a hearing on the double jeopardy issue at which the original prosecutor testified concerning the trial and was cross-examined by the defense. The trial court concluded under the circumstances at the time of trial that the acts of the prosecutor were not intentionally calculated to deprive Potts of any of the rights due

him under the constitution and that Potts did not suffer significant prejudice from the conduct.

This court has held that the reading of *Eberhart,* supra, in the presence of the jury is improper and specifically disapproved the practice in *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977). However, *Hawes* was decided after the original trial of Potts in Forsyth County where the conduct occurred. *Dinitz,* supra, speaks in terms of bad-faith conduct of a prosecutor and *Tateo,* supra, speaks of prosecutorial misconduct justifying mistrial which resulted from fear of the prosecutor that a jury might otherwise acquit. There is no indication that the prosecutor made the arguments complained of for the purpose of causing a mistrial.

We agree with the trial court that the conduct of the prosecution during the original trial does not bar the state from seeking the death penalty in this resentencing trial. The plea in bar based upon double jeopardy was properly denied.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1987.

*McCurdy & Candler, Michael Mears, Martin B. Findley,* for appellant.

*Rafe Banks III, District Attorney, Michael J. Bowers, Attorney General,* for appellee.