## 46017. SCHIEFELBEIN v. THE STATE.
(373 SE2d 354)

SMITH, Justice.

This is an appeal from the trial court's denial of a plea of former jeopardy. We affirm.

The appellant, Stephen Craig Schiefelbein, was indicted by a Fulton County grand jury for murder. The alleged offense occurred at 1252 Reeder Circle. The appellant's case came to trial in Fulton County. A jury was sworn and empaneled, and four witnesses testified. During the second day of trial, the district attorney learned that 1252 Reeder Circle is in DeKalb County. This fact was confirmed by defense counsel who had lived on Reeder Circle for five years.

The state moved for a mistrial, and the appellant moved for a directed verdict of acquittal which was denied. The trial judge, over the appellant's objection, declared a mistrial citing improper venue and manifest necessity. The case was bound over to DeKalb County where he was again indicted. In DeKalb County, the appellant filed a plea of former jeopardy which was denied.

The constitutional and statutory law of this State require that all criminal cases be tried in the county where the crime was committed unless otherwise provided by law. Art. VI, Sec. II, Par. VI, Ga. Const. of 1983; OCGA § 17-2-2. The Fulton County Superior Court had jurisdiction over the offense, murder, but not over the appellant because the alleged offense occurred in another county and Fulton County did not fit any venue exception enumerated in OCGA § 17-2-2.

> Jurisdiction of the person is only obtained by the court of trial where under the operative statute the court has jurisdiction to try the offense and the defendant; in other words, where proper venue is established. Where there is no such jurisdiction and it has not been waived the ensuing judgment is void and double jeopardy has not attached. [Cits].

*Patterson v. State*, 162 Ga. App. 455, 457 (291 SE2d 567) (1982).[1]

Thus, the traditional rule in Georgia is best stated, "[i]f a defendant is tried in one county in a court having jurisdiction of the offense, but the crime occurred in another county, no jeopardy attaches." Daniel, Georgia Handbook on Criminal Evidence, § 14-28 (1986). The appellant challenges this traditional rule and contends that it was error to overrule his plea in bar of former jeopardy. We disagree and follow the traditional rule which adequately protects the policy concerns behind the Double Jeopardy Clause. *Patterson v. State*, supra.

*Judgment affirmed. All the Justices concur, except Gregory and Hunt, JJ., who concur specially.*

GREGORY, Justice, concurring specially.

The reason the defendant could not be tried in Fulton Superior Court was because venue of the action was in DeKalb County. It merely adds to confusion to refer to the problem as one of jurisdiction. The Superior Court of Fulton County had jurisdiction of the person, of the appellant and of the subject matter of the trial.

The unusual aspect of this case is that it was the prosecutor who discovered and raised the issue of improper venue. The rule should be that a defendant will be given a choice under such a circumstance. He may waive any objection to venue and insist on his right to go on with the first trial. If he chooses to insist on the proper venue he may do so but cannot complain of double jeopardy when the second trial takes place in the proper venue.

I am authorized to state that Justice Hunt joins in this concurrence.

DECIDED OCTOBER 31, 1988

*J. Robert Joiner*, for appellant.

*Robert E. Wilson, District Attorney, Nelly F. Withers, Assistant District Attorney, Michael J. Bowers, Attorney General*, for appellee.

---

[1] This court has also held, "[a] defendant is placed in jeopardy when, in a court of *competent jurisdiction* with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and sworn." (Emphasis supplied.) *Shaw v. State*, 239 Ga. 690, 692 (238 SE2d 434) (1977).