## S93A1516. BARKER v. THE STATE.
### (438 SE2d 625)

HUNSTEIN, Justice.

Charlie James Barker was indicted on charges of murder, felony

murder, aggravated assault, arson in the first degree, rape, and burglary, arising out of the deaths of Christina Lumpkin Murphy and her four-year-old daughter, Shawnda Marie Murphy. A jury found Barker guilty of all charged crimes except the rape. Judgment was entered on the jury's verdict and Barker appeals from the denial of his motion for new trial.[1]

1. The jury was authorized to find that appellant, who had been involved romantically with Christina Murphy, went to the victims' home the evening of August 31, 1989, had sex with Ms. Murphy, but became angry at her when she asked him to leave in anticipation of a visit by another man. He beat her repeatedly about the face and head with his fists. When she fled to the daughter's bedroom, he followed, dowsed both victims with gasoline he had brought with him, then struck a match, setting them on fire. The victims died from burns and smoke inhalation. Appellant admitted in a statement made to the police that he took eight dollars from a dresser.

The evidence adduced was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Although not enumerated as error, our review of the record reveals that the trial court sentenced appellant to four life sentences based on the guilty verdicts rendered on the two counts of malice murder and the two counts of felony murder.[2] Because there were only two homicides and the evidence supported the convictions for malice murder, the felony murder convictions merged into the malice murder convictions by operation of law. OCGA § 16-1-7; *Wade v. State*, 258 Ga. 324 (2) (368 SE2d 482) (1988). The judgments of conviction and sentences on the felony murder counts must be vacated.

3. Appellant contends the trial court erred by allowing the State to introduce evidence of prior difficulties between Ms. Murphy and

---

[1] The crimes occurred between 9:00 p.m. and 1:00 a.m. on August 31-September 1, 1989. Barker was indicted in the August 1989 term in Sumter County. He was found guilty on April 11, 1991 and was sentenced on April 15, 1991. His motion for new trial, filed on May 7, 1991, as amended June 10, 1993, was denied on June 17, 1993. A notice of appeal was filed on June 21, 1993. The transcript was certified on July 2, 1993, and the appeal was docketed on July 9, 1993. This appeal was submitted for decision without oral argument on August 20, 1993.

[2] Appellant was also sentenced to three twenty-year terms to be served consecutively for the aggravated assault, arson in the first degree, and burglary counts. See *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993). Because the evidence authorized the jury to find that the aggravated assault was based on appellant's beating of Christina Murphy, see generally *Zilinmon v. State*, 234 Ga. 535 (8) (216 SE2d 830) (1975), and because this assault for which appellant was convicted was completed before the homicide was committed, no merger between the aggravated assault and the malice murder conviction occurred. *Griffin v. State*, 257 Ga. 148 (6) (356 SE2d 209) (1987). Compare *Montes v. State*, 262 Ga. 473 (1) (421 SE2d 710) (1992).

him. Although the record reveals that the State complied with Uniform Superior Court Rule 31.1, no hearing in compliance with USCR 31.3 was conducted. In *Barrett v. State,* 263 Ga. 533 (436 SE2d 480) (1993), we noted that under this Court's holdings in *Loggins v. State,* 260 Ga. 1 (2) (388 SE2d 675) (1990) and *Hamilton v. State,* 260 Ga. 3 (2) (b) (ii) (389 SE2d 225) (1990), both decided before trial in the case at bar, that "compliance with [USCR] 31.1 and 31.3 for all prior acts, those involving the accused and the victim as well as those involving the accused but not the victim, is mandatory." (Footnote omitted.) *Barrett,* supra at 535. However, even assuming, arguendo, that appellant properly objected to the admission of this evidence, we hold that in light of the overwhelming evidence against appellant, it is highly probable that the admission of the evidence in question did not contribute to the verdict. Id. at 535.

4. We have reviewed appellant's remaining enumerations of error and find them to be without merit.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED JANUARY 24, 1994.

*Jay P. Wells,* for appellant.
*John R. Parks, District Attorney, Michael J. Bowers, Attorney General, Matthew P. Stone, Staff Attorney,* for appellee.