## A94A1974. SALLIE v. THE STATE.
### (455 SE2d 315)

RUFFIN, Judge.

William Sallie was convicted in Bacon County for murder, burglary, aggravated assault, and two counts of kidnapping with bodily injury. The charges arose from a spree in which Sallie murdered his former father-in-law, shot his former mother-in-law after handcuffing her to her grandson, and kidnapped his ex-wife and former sister-in-law, taking them from Bacon County to Liberty County, where he repeatedly raped and sodomized the ex-wife and repeatedly raped his former sister-in-law.[1] The State now seeks to prosecute Sallie in Liberty County for two counts of false imprisonment arising out of the same set of facts. Sallie filed this interlocutory appeal from the trial court's order denying his plea of former jeopardy.

Sallie contends the trial court erred in denying his plea of former jeopardy as to the two counts of false imprisonment because those charges constitute lesser-included offenses of kidnapping with bodily injury of which he has already been convicted in Bacon County. Sallie argues that under the "required evidence test," false imprisonment is a lesser included offense of kidnapping with bodily injury as a matter of law. We agree.

" 'Under OCGA §§ 16-1-6 and 16-1-7, a defendant may be prosecuted for two crimes based on the same conduct, but he may not be convicted of more than one crime if one crime is included in the other.' [Cit.]" *Padgett v. State,* 205 Ga. App. 576, 578 (2) (423 SE2d 411) (1992). "Under the required evidence test, a lesser crime is included in the crime charged if all of the elements which are *required by law* to establish the lesser crime also must be established in order

---

[1] This rendition of facts was taken from *State v. Sallie,* 206 Ga. App. 732 (427 SE2d 11) (1992), in which we affirmed the trial court's order granting Sallie's plea of former jeopardy as to Liberty County's subsequent attempt to prosecute him for rape and sodomy.

to prove the greater crime." *State v. Burgess*, 263 Ga. 143, 145 (1) (429 SE2d 252) (1993).

In this case, all the elements which are required by law to establish the lesser crime of false imprisonment, have been established in order to convict Sallie of kidnapping. "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). "A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." OCGA § 16-5-41 (a). "The only difference between the two offenses is asportation, since false imprisonment involves holding a person unlawfully against his will, which is also an essential element of the offense of kidnapping." *Ellis v. State*, 181 Ga. App. 630, 634 (5) (353 SE2d 822) (1987).

While in certain factual scenarios false imprisonment is not always a lesser included offense of kidnapping, see, e.g., *Johnson v. State*, 195 Ga. App. 723 (2) (394 SE2d 586) (1990), we do not agree with the State that the kidnapping in this case ended when Sallie crossed the line into Liberty County, at which point he committed the separate and distinct offense of false imprisonment. When Sallie crossed the line into Liberty County, it was only a continuation of the asportation and detention required for his conviction of kidnapping with bodily injury. Under these circumstances, because Sallie has already been convicted of kidnapping with bodily injury, the trial court erred in denying his plea of former jeopardy.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 7, 1995.

*John E. Pirkle, M. Seth Rosenthal,* for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney,* for appellee.