THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN WILLIAMS, Defendant-Appellant.

First District (1st Division)    No. 1—95—1399

Opinion filed March 29, 1996.

Rita A. Fry, Public Defender, of Chicago (Evelyn G. Baniewicz, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Peter Fischer, Susan R. Schierl, and Kathryn A. Schierl, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendant John Williams appeals an order of the circuit court of Cook County denying defendant's motion to dismiss an indictment charging him with arson and felony murder.

The record on appeal indicates the following facts. On January 31, 1981, the defendant was arrested and charged by complaint with aggravated arson and three counts of felony murder in connection with a fire at 2400 Glendale Terrace in Hanover Park, which resulted in three deaths. On March 25, 1981, the State filed an information

including these charges and six additional counts of murder alleging alternate mental states. However, on December 1, 1982, prior to trial, the State nol-prossed the additional counts of murder, leaving the charges of aggravated arson and felony murder.

Defendant's jury trial began on December 1, 1982. On December 14, 1982, the jury returned a guilty verdict on all counts. On March 18, 1983, the trial court denied defendant's post-trial motion and sentenced defendant to life imprisonment. Defendant filed a timely notice of appeal to this court, which affirmed the judgment of the circuit court on March 11, 1985. *People v. Williams*, 131 Ill. App. 3d 597, 475 N.E.2d 1082 (1985).

The Illinois Supreme Court later issued two decisions holding portions of the aggravated arson statute unconstitutional. (*People v. Johnson*, 114 Ill. 2d 69, 499 N.E.2d 470 (1986); *People v. Wick*, 107 Ill. 2d 62, 481 N.E.2d 676 (1985).) On April 29, 1992, defendant filed a post-conviction petition, alleging that his conviction was based on an unconstitutional statute. On June 1, 1992, the trial court denied the petition as untimely filed; defendant appealed the ruling.

On July 5, 1992, while the appeal was pending, defendant filed a petition for a writ of *habeas corpus,* again asserting that his conviction was based on an unconstitutional statute. On October 5, 1992, the trial court granted defendant's petition. That same day, the State charged defendant by indictment with (nonaggravated) arson and three counts of felony murder, based on the January 31, 1981, fire.

On January 23, 1995, defendant filed a motion to dismiss the indictment, asserting that the State: (1) was barred from prosecuting him in violation of his constitutional right against double jeopardy and in violation of Illinois' compulsory joinder statute; (2) failed to comply with the speedy trial statute; (3) violated his right to due process by failing to preserve evidence in the case. On March 17, 1995, the trial court denied the motion to dismiss the indictment. On April 11, 1995, defendant filed a notice of appeal to this court, pursuant to Illinois Supreme Court Rule 604(f) (145 Ill. 2d R. 604(f).)

I

■ Initially, it should be noted that the defendant appeals pursuant to Rule 604(f), which authorizes appeals from "the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy." 145 Ill. 2d R. 604(f). The order appealed from expressly stated that the indictment did not violate defendant's right against double jeopardy. On appeal, however, defendant does not argue in his brief

that the indictment violates his right against double jeopardy.[1] Rather, defendant argues that the State was barred from pursuing multiple prosecutions under sections 3—3 and 3—4 of the Criminal Code of 1961 (Code) (720 ILCS 5/3—3, 3—4 (West 1992)). However, this court has held that such claims are appealable under Rule 604(f). *People v. Hiatt*, 229 Ill. App. 3d 1094, 1096, 595 N.E.2d 733, 735 (1992).

## II

■ Sections 3—3 and 3—4 of the Code provide the statutory guidelines prohibiting multiple prosecutions for the same act. Ill. Rev. Stat. 1989, ch. 38, pars. 3—3, 3—4. Under section 3—3(b), if several offenses are known to the State at the time of commencing prosecution and the offenses are within the jurisdiction of a single court, they generally must be joined in a single prosecution. 720 ILCS 5/3—3(b) (West 1992). However, exceptions to this rule also exist. For example, section 3—4(d)(2) allows reprosecution

"if subsequent proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, unless the defendant was thereby adjudged not guilty." 720 ILCS 5/3—4(d)(2) (West 1992).

In this case, defendant claims that the writ of *habeas corpus* was "the functional equivalent of an acquittal." However, the cases defendant relies upon to support this claim are distinguishable. In *People v. Creek*, 94 Ill. 2d 526, 447 N.E.2d 330 (1983), the State dismissed the initial charges against the defendant with prejudice. In this case, certain bases of the murder charge were nol-prossed, but defendant was nevertheless tried for murder on the felony murder theory. Such circumstances do not show the intent to bar reprosecution that was evident in *Creek*. Defendant cites *People v. Hiatt*, 229 Ill. App. 3d 1094, 595 N.E.2d 733 (1992), for the proposition that an "acquittal" may encompass the dismissal of the charges on double jeopardy or speedy trial claims. However, the initial charges in this case were not dismissed on double jeopardy or speedy trial grounds.

■■ In this case, defendant was granted a writ of *habeas corpus* because provisions of the aggravated arson statute were declared unconstitutional and defendant's conviction was adjudged void as a result. The doctrine of void *ab initio* declares an unconstitutional statute null and void, "which results in the court's vacating a conviction based upon such statute." *People v. Zeisler*, 125 Ill. 2d 42, 48, 531 N.E.2d 24, 27 (1988). The fact that a conviction is later vacated for constitutional reasons is generally not considered to be the functional

---

[1] Defendant asserts that he is reserving the former jeopardy issue for appeal at some later date. We express no opinion regarding this assertion.

equivalent of an acquittal, absent some suggestion that the evidence was insufficient to convict. See, *e.g.*, *Montana v. Hall*, 481 U.S. 400, 403, 95 L. Ed. 2d 354, 359, 107 S. Ct. 1825, 1827 (1987) (addressing constitutional double jeopardy concerns); see also *Zeisler*, 125 Ill. 2d at 49-50, 531 N.E.2d at 28 (conviction for aggravated arson vacated due to unconstitutional statute may be retried for arson without violating prohibitions against double jeopardy or *ex post facto* laws).

In sum, the trial court did not err in denying defendant's motion to dismiss the indictment.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

WOLFSON and BRADEN, JJ., concur.