WELCH, Judge, dissenting.
*694 James Edward McInvale, Jr., appealed from his convictions for aggravated child abuse, a violation of § 26-15-3.1(3), 1 Ala. Code 1975, and second-degree domestic violence, a violation of § 13A-6-131, Ala. Code 1975. These convictions arose from injuries McInvale inflicted upon his four-month-old son. The evidence disclosed that upon arrival at Children's Hospital, the child displayed extensive bruising on his face. Upon examination at the hospital it was disclosed that the child suffered from subdural and retinal hemorrhaging and an injury to his cervical spine. Moreover, the child's examination revealed evidence of previous brain hemorrhaging that had healed. It was the examining physician's opinion that the child's injuries were consistent with child abuse-specifically, multiple impacts of blunt trauma. The injuries will have lasting adverse effects on the child. At the time of trial, the child could not stand and could be fed only through a machine that placed food directly into his stomach. Also, the child suffered 150 to 200 seizures a day and was taking numerous medications to regulate his pain. Additional facts relating to the incident that resulted in the child being taken to the hospital, other than those regarding the child's injuries, are stated in this Court's unpublished memorandum, McInvale v. State, (No. CR-15-1267, March 17, 2017), as follows:
"In a statement given on the evening of December 25, McInvale told investigators that his son became unresponsive after choking while drinking from a bottle. In a statement given five days later, McInvale added that he had slapped his son five times in the face after he had become unresponsive in an attempt to revive him."
McInvale was indicted and charged with violating two distinct statutory offenses based the same act. Count I of his two-count indictment charged aggravated child abuse as follows:
"The Grand Jury of said County charges that before the finding of this Indictment, James Edward McInvale, Jr., alias, whose true name is otherwise unknown to the Grand Jury, being the natural parent, stepparent, adoptive parent, legal guardian, custodian or a person who had the permanent or temporary car[e] or responsibility for the supervision of a child under the age of eighteen years of age, to-wit: [G.] McInvale, did knowingly, recklessly, or intentionally torture, willfully abuse, cruelly beat or otherwise willfully maltreat any child under the age of 18 years, by striking and/or hitting him on or about his head and/or body with his hands and/or fists which caused serious physical injury to [G.] McInvale, contrary to and in violation of Section 26-15-3.1(a)(3) of the Code of Alabama, against the peace and dignity of the State of Alabama."
(C. 6.)
Count II of his indictment charged second-degree domestic violence as follows:
*695 "The Grand Jury of said County further charges that before the finding of this Indictment, James Edward McInvale, Jr., alias, whose true name is otherwise unknown to the Grand Jury, did commit the crime of domestic violence in the second degree by committing the crime of assault in the second degree pursuant to Section 13A-6-21(a)(1) of the Code of Alabama, in that James Edward McInvale, Jr., did with intent cause serious physical injury to another person, to-wit: [G.] McInvale, by striking and/or hitting him on or about his head and/or body with his hands and/or fists, thereby cause serious physical injury to [G.] McInvale, and [G.] McInvale was a current or former spouse, parent, child, any person with whom the defendant has a child in common, a present or former household member, or a person who has or had a dating relationship with the defendant, contrary to and in violation of Section 13A-6-131 of the Code of Alabama, against the peace and dignity of the State of Alabama."
(C. 6.)
McInvale argued for the first time on appeal, as a jurisdictional double-jeopardy violation, that aggravated child abuse and second-degree domestic violence are the same offense.
In affirming McInvale's conviction, the majority in its unpublished memorandum first holds that McInvale's double-jeopardy issue is not properly before this Court for review because McInvale
"was charged in a 'multicount indictment alleging separate offenses.' Straughn v. State, 876 So.2d 492, 508 (Ala. Crim. App. 2003). In other words, this claim was viable prior to trial, and McInvale's failure to raise this claim below constituted a waiver of the claim. Compare Rolling v. State, 673 So.2d 812, 815-16 (Ala. Crim. App. 1995) ('[W]e recognize that the Alabama appellate courts have previously held that the defendant's failure to file a pretrial motion raising a double jeopardy claim forecloses subsequent assertion of that issue. See the cases discussed below. ... However, this rule should apply only if the double jeopardy claim is viable prior to trial.' (citations omitted))."
It alternatively holds that McInvale's claim is without merit because a Blockburger [2] analysis discloses that each offense required proof of additional facts not required by the other.
For the reasons set forth below, I dissent from both holdings.
"The Supreme Court of the United States has held that the Double Jeopardy Clause of the Fifth Amendment contains three protections: 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (footnotes omitted), overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). See Schiro v. Farley, 510 U.S. 222, 229, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994) (reaffirming the three protections of the Double Jeopardy Clause). 'These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense.' Schiro, 510 U.S. at 229 (citing United States v. Wilson, 420 U.S. 332, 339, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975) ). The Alabama Supreme Court *696 has held that the Double Jeopardy Clause of Art. I § 9, of the Alabama Constitution of 1901, applies to protect only those three areas enumerated in Pearce. See Ex parte Wright, 477 So.2d 492, 493 (Ala. 1985) ; Adams v. State, 955 So.2d 1037, 1098 (Ala. Crim. App. 2003), reversed on other grounds, Ex parte Adams, 955 So.2d 1106 (Ala. 2005) (holding that Adams, who was 17 years old at the time of the offense, is not eligible for a sentence of death).
"In Blockburger v. United States, the Supreme Court of the United States enumerated the 'same elements' test for determining whether two charges constitute the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment. 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under the Blockburger test, 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.' Id. (emphasis added). The United States Supreme Court has also held 'that a lesser included and a greater offense are the same under Blockburger....' Brown v. Ohio, 432 U.S. 161, 166 n.6, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). See also Perkinson v. State, 273 Ga. 491, 494, 542 S.E.2d 92, 95 (2001) ('For double jeopardy purposes, a lesser-included and a greater offense are the "same offense" under the Fifth Amendment because the lesser offense requires no proof beyond that which is required for the conviction of the greater offense.')."
Gholston v. State, 57 So.3d 178, 184 (Ala. Crim. App. 2010) (emphasis in Gholston ).
Aggravated child abuse is defined as follows:
"A responsible person, as defined in Section 26-15-2 [as 'a child's natural parent'], commits the crime of aggravated child abuse if he or she [violates § 26-15-3, Ala. Code 1975, by torturing, willfully abusing, cruelly beating, or otherwise willfully maltreating any child under the age of 18 years, and in doing so] causes serious physical injury [to the child], as defined in [s]ection 13A-1-2, [as '[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ.']"
§ 26-15-3.1(a)(3), Ala. Code 1975. The crime of aggravated child abuse, at the time McInvale committed the offense, was a Class B felony. § 26-15-3.1(b), Ala. Code 1975.
A person commits second-degree domestic violence if he or she commits a second-degree assault, which is defined in § 13A-6-21(a)(1), Ala. Code 1975, as intentionally causing serious physical injury to another person, and the person assaulted is the child of the individual committing the assault. See §§ 13A-6-131(a), and 13A-6-139(3), Ala. Code 1975. Again, serious physical injury is defined in § 13A-1-2(14), Ala. Code 1975, as "[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ." Second-degree domestic violence is a Class B felony. See §§ 13A-6-131(a) and (b), Ala. Code 1975.
The majority in its unpublished memorandum concludes that aggravated child abuse requires proof of two elements not required for second-degree domestic abuse. It further found that second-degree domestic violence required proof of two *697 elements not required for aggravated child abuse.
"Aggravated child abuse requires proof that the defendant was a 'responsible person' and that the victim was a child-neither of these facts are required to prove a charge of second-degree domestic violence. Second-degree domestic violence requires proof that the defendant intended to cause serious physical injury and that the victim have a domestic relationship with the defendant as defined by § 13A-6-139.1(3), Ala. Code 1975-neither of these facts are required to prove a charge of aggravated child abuse. Because each charge requires proof of a fact that the other charge does not, McInvale's convictions do not violate double-jeopardy principles. See Shaw[v. State ], 148 So.3d [745] at 761-62 [ (Ala. Crim. App. 2013) ]. As such, this issue does not entitle McInvale to any relief."
I disagree with the majority's characterization of the elements in McInvale's case. I believe a double-jeopardy violation does exist because, given the indictment and the facts of this case, second-degree domestic violence and aggravated child abuse are the same offenses under the test set forth in Blockburger and, moreover, by statute,
"[a]n offense is an included one if:
"(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged.''
§ 13A-1-9, Ala. Code 1975.
Aggravated child abuse and second-degree domestic violence in this case are based on the commission of a second-degree assault. Added to both assaults/offenses are the facts that the perpetrator and the victim are father and child. As charged in this case, the State sought to prove aggravated child abuse by presenting evidence to prove the following facts: 1) a responsible person, i.e., the child's parent, 2) cruelly beat the child, 3) causing serious physical injury to the child. To prove second-degree domestic violence, the State presented the exact same evidence to prove the exact same facts: 1) the parent struck 2) the child, 3) causing serious physical injury to the child.
In this case, the indictments were essentially the same, the elements requiring proof to obtain a conviction for each charge were the same, and the same evidence was used to establish the elements of each case. Neither charge "require[d] proof of a fact which the other does not." Gholston, 57 So.3d at 184, citing Blockburger. Under the Blockburger analysis, these two offenses, as charged and proven, are each considered an included offense of the other and, thus, are the same. As stated above: " 'For double jeopardy purposes, a lesser-included and a greater offense are the ''same offense'' under the Fifth Amendment because the lesser offense requires no proof beyond that which is required for the conviction of the greater offense.' " Gholston, 57 So.3d at 184, quoting Perkinson v. State, 273 Ga. 491, 494, 542 S.E.2d 92, 95 (2001).
I dissent because I believe upholding both convictions violates double-jeopardy principles and that the issue was not waived. I believe that the prohibition against double jeopardy has been violated because McInvale has received multiple punishments for the same offense.
"When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
"(1) One offense is included in the other, as defined in Section 13A-1-9...."
§ 13A-1-8(b)(1), Ala. Code 1975.
I would remand with instruction for the trial court to vacate one conviction and *698 corresponding sentence. For the foregoing reasons, I dissent.

Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).